United States District Court
Southern District of Texas
**ENTERED**
May 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIA JUANITA GARCIA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-075 |
| § | |
| WALMART, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION FOR REMAND

On February 10, 2020, Plaintiff Maria Juanita Garcia (Garcia) filed this action in the County Court at Law Number Two of Nueces County, Texas, against Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Real Estate Business Trust (jointly Wal-Mart), and their unidentified employee John Doe (Doe). Garcia alleges that she suffered personal injuries as a result of Doe's negligent operation of a forklift in a store where Garcia was shopping. D.E. 1-2. Her claims are based on negligence, gross negligence, and premises liability.

Wal-Mart was served with process on February 20, 2020, and on March 23, 2020, timely removed the case to this Court under 28 U.S.C. § 1332, citing diversity jurisdiction between Garcia and Wal-Mart. D.E. 1. Garcia has filed her Motion to Remand (D.E. 6), arguing that Doe's citizenship was not taken into account and would destroy diversity. Wal-Mart filed its response (D.E. 8), stating that Doe's citizenship is irrelevant. For the reasons stated below, Garcia's motion to remand is DENIED WITHOUT PREJUDICE, the parties are ORDERED to engage in jurisdictional

discovery, and the Initial Pretrial Conference is CONTINUED to August 13, 2020 at 9:00 a.m.

## DISCUSSION

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Diversity jurisdiction requires that the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is undisputed that Garcia and Wal-Mart are diverse citizens and that the amount in controversy is satisfied. Therefore, the only issue is whether the joinder of John Doe destroys diversity.

Wal-Mart wholly failed to mention the joinder of John Doe in its notice of removal. Therefore, Garcia's motion to remand is based on the employee's joinder in the case, his presumptive non-diverse citizenship, and the viability of the claims made against him as if Wal-Mart were asserting fraudulent or improper joinder. However, that was not the theory on which Wal-Mart predicated this removal and the Court does not address it. *See* D.E. 1. Instead, the issue Wal-Mart now frames for the Court is whether Doe, as a fictitiously-named party, must be considered in the diversity of citizenship analysis. D.E. 8. This is a question of law.

According to the removal statute, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names **shall be disregarded**." 28 U.S.C. § 1441 (emphasis added). Garcia named the Wal-Mart employee as a John Doe defendant because his identity is unknown to her. D.E. 6, p. 4. As "John Doe," the employee is a defendant sued under a fictitious name. *See, Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 477 (5th Cir. 2001). As such, the Court is required to disregard him in evaluating the propriety of the removal. Garcia has offered no authority requiring a different application of the statute's clear statement.

Thus, Wal-Mart was entitled to remove the case before inquiring into John Doe's identity and citizenship in order to do so timely. 28 U.S.C. § 1446(b)(1). However, once the employee's identity has been revealed and he is substituted for the John Doe Defendant, the employee's citizenship can destroy diversity and require remand. *Id*.; 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Thus, denial of the current motion to remand is not a final determination of whether this action may be remanded. The motion to remand is DENIED WITHOUT PREJUDICE.

There is nothing to be gained by tying up this case in this Court if destruction of diversity is a simple and inevitable matter.[1] For that reason, the Court ORDERS the parties to engage in jurisdictional discovery to reveal John Doe's identity, if possible, and

---

[1] Nothing determined here is intended to operate to prevent Wal-Mart, if the law so allows, from raising improper joinder issues once John Doe is named, as the Court does not reach that issue here.

whether his citizenship is non-diverse.  The Court VACATES the June 10, 2020 setting for the Initial Pretrial Conference and continues it to August 13, 2020 at 9:00 a.m. at which time the Court will hear the status of the jurisdictional discovery and consider the remaining issues to be addressed pursuant to the Court's Order (D.E. 2).

ORDERED this 21st day of May, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE